383 A.2d 843

**COMMONWEALTH of Pennsylvania**

v.

**Janice CLARK, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 13, 1976.

Decided March 23, 1978.

George T. Guarnieri, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James J. Wilson, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

 The appellant was convicted of voluntary manslaughter after a jury trial. In this appeal she raises the following arguments all of which we find to be without merit:

1) The formal statement of appellant was allegedly not voluntary or the product of rational intellect or free will.

2) Appellant was allegedly denied assistance of counsel.

3) The Commonwealth allegedly suppressed evidence.

4) The search and seizure was allegedly illegal.

5) The indictment allegedly fails to charge indictable offenses under the Crimes Code of 1972, as amended.

6) The appellant was allegedly prejudicially cross-examined on collateral matters.

7) The Commonwealth allegedly improperly introduced a rebuttal witness on collateral matters and a plea of surprise.

8) The cross-examination of appellant's psychiatrist was allegedly beyond the scope of direct examination and prejudicial to appellant.

9) The expert psychiatric opinion on the voluntariness of appellant's custodial statement was allegedly improperly excluded.

10) The cross-examination of appellant on incidents of the shooting and the contents of her formal statement allegedly abridged her right against self-incrimination.

11) Certain prosecutorial remarks and conduct were allegedly improper and prejudiced appellant's right to a fair trial.

12) There was allegedly insufficient evidence to support the conviction of voluntary manslaughter.

13) The finding of guilt was allegedly against the weight of the evidence.

14) Section 2503 of the Crimes Code is allegedly vague and violates due process of law.

15) The sentence imposed allegedly constitutes cruel and unusual punishment.

Having found no merit in the above arguments, we affirm the judgment of sentence.

JONES, former C. J., did not participate in the decision of this case.